IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 AUG 11  A 9: 11

| | |
|---|---|
| CARLA L. THREATT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV: 2:05CV765-M |
| ) | |
| REGIONS BANK, ) | DEMAND FOR JURY TRIAL |
| ) | |
| Defendant. ) | |

## COMPLAINT

### NATURE OF ACTION

1. This is an action under Title I of the Americans With Disabilities Act of 1990, to correct and remedy unlawful employment practices on the basis of disability and to make whole and compensate the Plaintiff. The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama State Law set forth herein.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §12117(a), and 28 U.S.C. 1331, 1343, and 1367. This action is authorized and instituted pursuant to §107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12117(a), which incorporates by reference §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. §§2000e-5(f)(1) and (3).

3. Venue is proper within this District pursuant to 42 U.S.C. §2000e-5(f)(3) as adopted by the terms of 42 U.S.C. §12117(a), and 28 U.S.C. §1391.

4. The employment practices hereafter alleged to be unlawful were and are now being committed in the Middle District of Alabama, Northern Division.

## PARTIES

5. The Plaintiff, Carla L. Threatt, is and was at all times material hereto a resident of this District, residing in Montgomery, Alabama 36116.

6. At all relevant times, the Defendant has been and is now an Alabama corporation doing business within this District and Division on Coliseum Boulevard, Montgomery County, Montgomery, Alabama.

7. The Defendant is a corporation subject to suit under Title I of the ADA, 42 U.S.C. §12101, *et seq*.

8. At all relevant times the Defendant has employed more than fifteen (15) employees and otherwise met the jurisdictional prerequisites for a claim under the ADA..

9. At all relevant times, the Defendant has been a covered entity under 42 U.S.C. §12111(2).

10. The Defendant has continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5), and Section 107(7) of the ADA, 42 U.S.C. 12117(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h).

## STATEMENT OF CLAIMS

11. The Plaintiff began working for the Defendant in 1996 as an accounting specialist.

12. In July, 2004 the Plaintiff was diagnosed with Multiple Sclerosis.

13. More than thirty (30) days prior to the institution of this lawsuit, the Plaintiff filed a Charge with the United States Equal Employment Opportunity Commission alleging violations of Title I of the ADA and the FMLA by the Defendant. The Plaintiff was thereafter given a Notice of Right to Sue by the Commission and filed this Complaint and Jury Demand within ninety (90) days of receipt of said Notice of Right to Sue. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Since at least July 1, 2004, the Defendant has engaged in unlawful employment practices in violation of the ADA, including 42 U.S.C. §12112(a), §12112(b)(1) and §12112(b)(5)(B), at the Montgomery, Alabama facility. These practices include, but are not limited to, the Defendant's discrimination of the Plaintiff, a qualified individual with a disability and/or perceived disability, who was able to perform the

essential functions of her position with or without reasonable accommodation, and the Defendant's refusal to provide the Plaintiff with a reasonable accommodation.

15. The Plaintiff is a qualified individual with a disability and/or perceived disability, who was able to perform the essential functions of her position with or without reasonable accommodation.

16. On or about February 11, 2005, the Defendant terminated the Plaintiff because of her disability, Multiple Sclerosis, and/or perceived disability.

17. The effect of the practices complained of above has been to deprive the Plaintiff of equal employment opportunities, including health insurance, and otherwise adversely affect her status as an employee because of her disability and/or perceived disability.

18. The unlawful employment practices complained of above were and are intentional.

## COUNT ONE
## (AMERICANS WITH DISABILITIES ACT)

19. The Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 18 and re-alleges same as if separately pled herein.

20. The Defendant discriminated against the Plaintiff on the basis of disability and/or perceived disability with respect to a hostile work environment, job assignments, job duties, and other terms and conditions of employment.

21. The effect of the practices complained of above has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

22. The unlawful employment practices complained of above were and are intentional.

23. By the conduct described above, the Defendant has engaged in unlawful employment practices and discriminated and retaliated against the Plaintiff on account of her known disability and/or perceived disability, and exercise of her rights protected by the ADA in violation of 42 U.S.C. §§12112(a), 12112(b)(1), 12112(b)(5)(A), 12112(b)(5)(B) and 12112(d)(1).

24, As a result of the Defendant's actions, the Plaintiff has suffered extreme harm including, but not limited to, loss of employment, loss of employment opportunity, denial and loss of wages, and other benefits and conditions of employment.

Additionally, the Plaintiff has suffered injury including physical sickness, humiliation, embarrassment, and mental stress and anguish.

**WHEREFORE,** the Plaintiff, Carla L. Threatt, respectfully prays that this Court:

1. Declare the Defendant's conduct complained of in this Complaint to be in violation of the Plaintiff's rights as secured by the Americans With Disabilities Act;

2. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices;

3. Order the Defendant to make the Plaintiff whole by providing her with appropriate lost earnings, with pre-judgment interest, in amounts to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of the Plaintiff to her position in loan accounting as an Accounting Specialist III, at the pay rate of $1,147.74 semimonthly, employment benefits, health insurance, and retirement benefits;

4. Order the Defendant to make whole the Plaintiff by providing compensation for pecuniary losses in an amount to be determined by the jury;

5. Order the Defendant to make whole the Plaintiff by providing compensation for non-pecuniary losses, including physical sickness, emotional pain, suffering, embarrassment, inconvenience and mental anguish in amounts to be proven at trial;

6. Grant such additional and further relief as the Court deems necessary and proper; and

7. Grant the Plaintiff her attorney's fees and costs in prosecuting this claim.

Respectfully submitted,

_____
Penny D. Hays (ASB-6309-A63P)

**OF COUNSEL**
401 Office Park Drive
Birmingham, Alabama 35223
(205) 870-9848 Telephone
(205) 871-8882 Facsimile

## JURY DEMAND

The Plaintiff hereby demands a trial by struck jury on all issues in this Complaint.

_/s/ Penny D. Hays_
Penny D. Hays

**SERVE DEFENDANT VIA CERTIFIED MAIL:**
**Regions Bank**
**CSC Lawyers Incorporating Svc Inc., Registered Agent**
**150 S Perry Street**
**Montgomery, AL 36104**