IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLA L. THREATT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REGIONS BANK, )<br>)<br>Defendant. ) | Civil Action No.<br>2:05CV765-M |

## ANSWER

Comes now Defendant Regions Bank (Regions or Bank) and for Answer to the Complaint of Carla L. Threatt (Threatt or Plaintiff) states as follows:

1. With respect to the allegations contained in paragraphs 1 and 2 of the Complaint, Regions admits that Threatt seeks to invoke the court's jurisdiction pursuant to the federal statutes referred to in the Complaint; but, Regions denies that it violated Threatt's rights under any of those statutes or under Alabama law.  Regions further denies that Threatt has fulfilled all of the conditions precedent to the institution of this action as Threat has failed to timely and properly file a charge of discrimination with the EEOC and failed to timely file her Complaint.

2. With respect to the allegations contained in paragraph 3 of the Complaint, Regions admits that if the court has jurisdiction venue is proper.

3. With respect to the allegations contained in paragraph 4 of the Complaint, Regions denies that it has committed any unlawful employment practices.

4. With respect to the allegations contained in paragraph 5 and 6 of the Complaint, Regions admits that it is an Alabama corporation doing business in the Middle District of

160457.2

Alabama. Regions is without knowledge or information sufficient to form a belief as to the Plaintiff's residence.

5. With respect to the allegations contained in paragraphs 7, 8, 9 and 10, Regions admits that it has over 15 fulltime employees, that it is an "employer" as that term is defined by applicable law and that it is subject to suit under the ADA. Regions denies the remaining allegations contained in paragraphs 7, 8, 9 and 10 of the Complaint.

6. With respect to the allegations contained in paragraph 11 of the Complaint, Regions admits that Threatt was first employed by Regions on June 10, 1997 in Montgomery, Alabama. Regions further admits that Threatt's employment was terminated for chronic tardiness on February 11, 2005. Regions denies the remaining allegations contained in paragraph 11 of the Complaint.

7. With respect to the allegations contained in paragraph 12 of the Complaint, Regions admits that Threatt informed the Bank that she had been diagnosed with Multiple Sclerosis (MS) in July 2004. Regions denies the remaining allegations contained in paragraph 12 of the Complaint.

8. On February 21, 2005, Threatt filed a charge of discrimination with the EEOC alleging a violation of The Americans With Disabilities Act. On June 1, 2005, The EEOC determined that "based upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes." Regions admits that Threatt's Complaint was filed within 90 days of her receipt of the Dismissal and Notice of Rights by the EEOC. Regions denies the remaining allegations contained in paragraph 13 of the Complaint.

9. Regions denies the remaining allegations contained in the Complaint and demands strict proof thereof.

10.     Regions denies that it discriminated against Threatt in any manner, denies that it is liable to Threatt in any respect and denies that Threatt is entitled to any of the relief requested in her Prayer For Relief.

### First Afirmative Defense

Regions specifically denies every allegation of the Complaint not specifically admitted herein and demands strict proof thereof.

### Second Afirmative Defense

Threatt's claims of employment discrimination are barred as a mater of law as Threatt failed to properly file a timely charge of discrimination with the EEOC that conforms to the regulatory requirements for such charge and has failed to timely file this lawsuit.

### Third Afirmative Defense

Regions undertook all of the decisions and/or actions challenged by Threatt as discriminatory for legitimate non-discriminatory, non-retaliatory, non-pretextual reasons.

### Fourth Afirmative Defense

In the alternative to the preceding affirmative defense, Regions would have undertaken some or all of the decisions and/or actions challenged as discriminatory in Plaintiff's Complaint even had Plaintiff not had the protected status alleged.

### Fifth Afirmative Defense

Regions denies that it has engaged in any unlawful employment practices and that it has discriminated in any manner against Threatt.

### Sixth Afirmative Defense

Threatt's disability or perceived disability, if any, has never been a factor or a determinative influence on any employment decision made by Regions.

**Seventh Afirmative Defense**

The equitable or declaratory relief sought by Threatt is barred by the doctrine of latches, estoppel or unclean hands.

**Eighth Afirmative Defense**

Threatt's claims for relief are barred by her failure to mitigate damages, if any.

**Ninth Afirmative Defense**

Regions diligently and continuously exercises reasonable care to prevent and correct promptly any charge of discriminatory behavior in the workplace, including, but not limited to, having a well established equal employment opportunity policy, having a well established complaint procedure and providing complainants with avenues of redress.  Threatt unreasonably failed to take an advantage of the preventive and corrective measures provided by Regions, including, but not limited to, her failure to file a complaint of discrimination and/or otherwise notify management of any alleged discriminatory behavior.

**Tenth Afirmative Defense**

Regions took all of its actions with respect to Threatt in good faith.

**Eleventh Afirmative Defense**

The amount of any compensatory or punitive damages that Threatt seeks to recover from Regions is subject to the applicable damage caps.

**Twelfth Afirmative Defense**

The punitive damages sought by Threatt are unconstitutional under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Threatt's claims for punitive damages are barred further because the acts and omissions, if any, of Regions which are specifically denied, fail to rise to the level required to sustain and award of punitive damages; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, known, oppressive or

fraudulent intent to deny Threatt her protected rights or to harass or otherwise discriminate against Threatt; and are not so wanton or willful as to support an award of punitive damages.

### Thirteenth Afirmative Defense

Any claims for punitive damages by Threatt cannot be sustained because any award of such damages by a jury that [1] is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a damage award, [2] is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, [3] is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and [4] is not subject to judicial review on the basis of objective standards, would violate Regions' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama Constitutional Provisions providing for due process, equal protection and guarantee against double jeopardy.

### Fourteenth Afirmative Defense

Any claims for punitive damages by Threatt cannot be sustained because any award of such damages without proof of every element beyond a reasonable doubt would violate Regions' due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

Respectfully submitted,

/s Charles B. Paterson
Charles B. Paterson
Bar Number: ASB-1542-R73C
Attorney for Defendant, Regions Bank
BALCH & BINGHAM LLP
105 Tallapoosa Street
Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3857
E-mail: cpaterson@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 7th day of September, 2005:

Penny Dianne Hays, Esq.
Alabama Injury Lawyers
401 Office Park Drive
Birmingham, Alabama 35223

In addition, I hereby certify that I have mailed by United States Postal Service a copy of the foregoing document to the following non-CM/ECF participants this the 7th day of September, 2005.

/s Charles B. Paterson
Charles B. Paterson
Bar Number: ASB-1542-R73C
Attorney for Defendant, Regions Bank
BALCH & BINGHAM LLP
105 Tallapoosa Street
Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3857
E-mail: cpaterson@balch.com