IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLA THREATT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 2:05-CV-765-F |
| REGIONS BANK, | § § | |
| Defendant. | § § | |

## CONSENT PROTECTIVE ORDER

The parties hereto having consented through their respective counsel for the entry of this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1. This Order shall govern all documents produced by the parties in this action. Furthermore, this Order shall govern all information derived from such documents and all copies, excerpts or summaries thereof.

2. In addition, the following documents and all information derived from such documents shall be designated confidential;

    a. Any document from the personnel or employment file of any employee or former employee of Defendant;

    b. Any documents, whether or not located in a personnel file, concerning information of employees or former employees of Defendant;

    c.    Any documents which contain trade secret or other confidential research, development, financial or commercial information of Defendant or its parent or subsidiary companies; and

    d.    Any other documents which a party in good faith designates as "confidential."

3.    Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

    a.    Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

    b.    The parties in the above-styled action;

    c.    The Court and persons employed by the Court working on this litigation;

    d.    Court reporters at the proceedings in this action;

    e.    Experts or consultants retained or consulted by the parties, but only as set out in paragraph four below; and

    f.    Deponents, trial witnesses and potential deposition witnesses, but only as set out in paragraph four below.

4.    Prior to making such disclosure of any confidential documents or information pursuant to paragraph three, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may be used only for the purposes set forth in this Protective Order.

5. Upon request by the producing party, within 90 (ninety) days of the conclusion of this matter as to all parties, each confidential document shall be returned to the producing party. The producing party shall be responsible for maintaining a complete copy of all confidential documents for seven years. No excerpts or summaries created by a party based upon confidential documents shall be returned. However, all excerpts and/or summaries shall be considered confidential and will be used for purposes of this litigation only.

6. Nothing in this Order shall prevent a party from any use of its own confidential documents.

7. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8. Any party may apply to the Court for relief from this Order. The party seeking relief from this Order shall specify which documents designated as "confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in which it seeks to disclose the information. Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

9. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

10. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

AGREED AND ACCEPTED:

_____
OF COUNSEL:

_____
OF COUNSEL:

So ordered, this the 4th day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE
Magistrate