IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLA L. THREATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:05-cv-00765-MHT |
| ) | |
| REGIONS BANK, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM BRIEF IN SUPPORT OF REGIONS BANK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Defendant Regions Bank ("Regions") files this memorandum brief in support of its opposition to plaintiff's motion for leave to amend complaint.

#### INTRODUCTION

This civil action was originally filed by the Plaintiff Carla L. Threatt ("Threat") on August 11, 2005 and was based upon alleged violations of the Americans with Disabilities Act of 1990. On October 6, 2005, the Court entered its Rule 16 Uniform Scheduling Order requiring in Section 4 thereof that "any motions to amend the pleadings … shall be filed on or before December 21, 2005." (Attached herein as **Exhibit A**)  Since that time, both Regions and Threatt have started the discovery process. Regions opposes and objects to the Motion for Leave to Amend Complaint (hereinafter, "Threatt's Motion" or "her Motion") and, based on the grounds set out herein, Threatt's Motion should be denied. Importantly, Threatt's motion specifically states that "[s]aid amendment is within the time provided by this Court's Scheduling Order," and as shown herein this assertion is absolutely untrue. (Plaintiff's Motion For Leave to Amend Complaint attached herein as **Exhibit B**)

165345.1

**ARGUMENT**

I. **THE MOTION WAS FILED AFTER THE DEADLINE IMPOSED BY THE RULE 16 SCHEDULING ORDER AND THREATT HAS FAILED TO SHOW 'GOOD CAUSE' FOR THE DELAY.**

Under the Court's Rule 16 Scheduling Order in this matter, Threatt was given until December 21, 2005, to join additional parties or to amend the pleadings. Plaintiff's motion to amend the complaint was filed on February 1, 2006, forty-two **(42)** days past this deadline. When discussing the importance of meeting Scheduling Deadlines, this Court has stated that "the integrity of scheduling orders in all cases before the court … is implicated. *See White v. Volvo Trucks of North America, Inc.*, 211 F.R.D. 668, 669 (M.D. Ala. 2002) (Court refused to allow Plaintiff to call an expert that was not identified according to the Scheduling Order, even though the defendants were not prejudiced by delay, when Plaintiff could not show that deadline could not have been met with exercise of due diligence). "[W]hen granting leave would require modifying a Rule 16 scheduling order, the movant must first show 'good cause.'" *Alexander v. AOL Time Warner, Inc.*, *unpub'd*, No. 04-13626, No. 04-13850, 2005 WL 1182950, at *1 (11th Cir. May 19, 2005) (citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). The "good cause" standard of Rule 16 "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418; *see also White,* 211 F.R.D. at 670. "The absence of prejudice to the nonmovant and mere inadvertance on the part of the movant are insufficient to demonstrate 'good cause.'" *Callais v. Susan Vizier, Inc.*, No. 99-2008, 2000 WL 278097, at *4 (E.D. La. 2000); *see Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (A "mistake in counsel's office, is not the type of satisfactory explanation for which relief may be granted.")   In response to Regions' objection, Threatt addresses her failure to follow the Scheduling Order stating that the "specific date was overlooked and therefore not corrected on counsel's calendar." (Plaintiff's Response to

Defendant's Objection to Plaitniff's Motion for Leave to Amend Complaint Attached herein **Exhibit C**) Threatt's admitted inadvertence in following this Court's Scheduling Order does not satisfy the "good cause" standard and, therefore, Threatt's motion is due to be denied.

Courts have interpreted in order for Rule 16 Scheduling Orders "to operate effectively, litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004); *accord Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 611 (9th Cir. 1992) ("The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."). "[L]iberally granting motions to amend the pleadings--filed after a party has disregarded the scheduling order deadline--would effectively 'nullify the purpose of Rule 16(b)(1).'" *O'Connell*, 357 F.3d at 155.

A motion for leave to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendant, and futility of the amendment. *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000). For example, in *McGregor v. AutoZone, Inc.*, 180 F.3d 1305 (11th Cir. 1999), the Eleventh Circuit found that the district court did not abuse its discretion in denying a plaintiff's motion for leave to amend where the plaintiff did not seek leave until two (2) months after the deadline for amending pleadings had passed, the dispositive motion deadline was one month away, plaintiff and defendant's representative had been deposed, and plaintiff had knowledge of the information contained in the proposed amendment when the original complaint was filed. *McGregor*, 180 F.2d at 1309; *also Brewer-Giorgio*, 216 F. 3d at 1284 (finding that district court did not abuse discretion where plaintiff filed amendment after

time provided in Court's scheduling order and failed to demonstrate good cause for that delay); Sosa, 133 F.3d at 1419 (same).

Threatt filed her Motion forty-two **(42)** days after the deadline for amending the complaint. Threatt has not advanced any reason for the delay and has failed to show "good cause" for delay in filing her Motion. As discussed below, this failure, along with other factors, such as undue prejudice to Regions, establish that Threatt's Motion is due to be denied.

    A.    THE AMENDED COMPLAINT IS NOT BASED ON ANY NEW INFORMATION LEARNED THROUGH THE COURSE OF DISCOVERY, BUT RATHER ALL FACTS CONTAINED THEREIN WERE KNOWN TO THREATT AT THE TIME OF THE FILING OF THE ORIGINAL COMPLAINT.

Every alleged fact supporting the claims contained in the amended complaint was known to Threatt prior to filing her original complaint on August 11, 2005. Prior to filing the original complaint, Threatt knew that (1) Regions regularly employs more than fifty (50) employees and is an employer as defined by the FMLA; (2) she had worked for Regions since 1996 and that she had been employed by Regions for more than one year and worked at least 1,250 hours during the 12-month period prior for her alleged need for leave; (3) she was diagnosed with multiple sclerosis on July 14, 2005; (4) she was allegedly eligible to take leave under FMLA on July 14, 2005; and (5) she was allegedly an employee protected under the FMLA. Despite that all these facts were known to Threatt prior to the filing of the original complaint on August 11, 2005, Threatt failed to make a FMLA claim until approximately seven (7) months after filing the original complaint and forty-two (42) days after the deadline imposed by the Court's Scheduling Order.

Accordingly, Threatt has failed to show "good cause" for the delay in filing her amendment after the deadline imposed by the Rule 16 Scheduling Order.

**B.     Undue Prejudice to Regions**

To date, Regions' counsel has relied on the Court's Scheduling Order in defending this matter.  Counsel for Regions has spent considerable amounts of time and expense preparing to defend against the ADA claim presented in the original complaint in order to prepare for filing for summary judgment and preparing for trial, if necessary.  If Threatt's Motion is, in fact, granted, Regions will be forced to, in essence, "start over" with respect to defending the new FMLA claim as contained in the amended complaint.  If Threatt's Motion is granted, Regions will be forced to deal with an entirely new claim and forced to incur additional costs and fees simply because Threatt delayed in filing her Motion, which could have been filed months ago, prior to the expiration of the deadline imposed by the Court's Rule 16 Scheduling Order.  For this reason, Threatt's Motion should be denied.

## CONCLUSION

Threatt has failed to present "good cause" in order to excuse her delay in filing her motion for leave to amend the complaint after the deadline imposed by the Rule 16 Scheduling Order.  In fact, Threatt's Motion states that the amendment is within the time allowed by the Court's Scheduling Order, which as noted above is completely false. Moreover, such an amendment would be unduly prejudicial to Regions as it would require Regions to defend against an entirely new claim well beyond the deadline imposed by the Court's Scheduling Order.  For the foregoing reasons Threatt's Motion is due to be **DENIED**.

Respectfully submitted this 20th day of February, 2006.

/s Kelly Pate
Charles B. Paterson, Bar Number:  ASB-1542-R73C
Kelly F. Pate, Bar Number:  ASB-5289-L63F
Attorneys for Defendant, Regions Bank
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3857
E-mail: cpaterson@balch.com
E-mail: kpate@balch.com

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following electronically and/or by mail with United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 20th day of February, 2006:

Penny Dianne Hays, Esq.
Alabama Injury Lawyers
401 Office Park Drive
Birmingham, Alabama 35223

/s Kelly Pate