# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



| | |
|---|---|
| CARLA L. THREATT, | ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:05-cv-765-F |
| REGIONS BANK, | ) ) ) |
| Defendant. | ) ) |

## UNIFORM SCHEDULING ORDER

**The court has adopted a new scheduling order in light of the amendments to the Federal Rules of Civil Procedure which became effective on December 1, 2000. Please read this order carefully. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.**

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

**SECTION 1.** A pretrial conference of this case is scheduled for **January 3, 2007,** in the Chambers of United States District Judge Mark E. Fuller, United States Courthouse, One Church Street, A-300, Montgomery, Alabama, and this cause is set for trial during the term of court commencing on **January 29, 2007,** in Montgomery, Alabama.

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **October 5, 2006.** A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.** On or before **October 26, 2006,** counsel for all parties shall conduct

a **face-to-face settlement conference** at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

**SECTION 4.** Any motions to amend the pleadings and to add parties shall be filed on or before **December 21, 2005.**

**SECTION 5.** Any motion for class certification shall be filed on or before **January 5, 2006.** A brief discussing the factors enumerated in Rule 23(a), (b) and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6.** The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 7.** All discovery shall be completed **on or before December 20, 2006**, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 8.** The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s) – **October 5, 2006.**

From the defendant(s) – **November 5, 2006.**

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 9. On or before December 20, 2006,** each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment

purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 10.  On or before December 20, 2006,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial. Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed **15 days prior to the trial date**, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 11.  On or before December 20, 2006,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are served and filed no later than **15 days prior to the trial date**, the evidence shall be deemed genuine and admissible in evidence. The written objections shall set forth the grounds and legal authorities. All trial exhibits must be premarked prior to trial.</u>

**SECTION 12.** Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the Report of Parties' Planning Meeting, filed on **October 5, 2005,** is adopted and incorporated herein.

**SECTION 13:** *If a jury trial*: The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE 15 DAYS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.**

Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

**SECTION 14.** In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 15.** If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

DONE this 6th day of October, 2005.

/s/ Mark E. Fuller<br>
CHIEF UNITED STATES DISTRICT JUDGE

# ATTACHMENT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



| | |
|---|---|
| CARLA L. THREATT, | ) |
| Plaintiff, | ) |
| vs. | ) CV: 2:05-cv-00765-MHT |
| REGIONS BANK, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW the Plaintiff, Carla Threatt, and hereby requests this Honorable Court to grant her leave to file an Amended Complaint and, as grounds in support therefore, states as follows:

1. Said amendment is within the time provided by this Court's Scheduling Order.

2. The Defendant will not be prejudiced by the Plaintiff's filing of the Amended Complaint, a copy of which is attached hereto as Exhibit 1.

Wherefore, the Plaintiff respectfully requests this Honorable Court to grant her leave to file this amended complaint.

/s/ Penny D. Hays
Penny D. Hays (ASB-6309-A63P)
Attorney for Plaintiff

**OF COUNSEL**:
ALABAMA INJURY LAWYERS, P.C.
401 Office Park Drive
Birmingham, Alabama 35223
(205) 870-9848

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Charles B. Paterson and Kelly F. Pate, BALCH & BINGHAM, and I hereby certify that I have mailed by United States Postal Service the document to the following non - CM/ECF participants: not applicable.

        Respectfully submitted,


        s/<u>Penny D. Hays</u>
        Penny D. Hays (ASB-6309-A63P)
        401 Office Park Drive
        Birmingham, AL 35223
        Phone: (205) 870-9848
        Fax: (205) 871-8882
        E-mail: penny@lorantlaw.com

# ATTACHMENT C

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLA L. THREATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV: 2:05-cv-00765-MHT |
| | ) |
| REGIONS BANK, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW the Plaintiff, Carla Threatt, and hereby responds to the Defendant's objection to the Plaintiff's request to amend her complaint as follows:

1. Rule 16(b) provides that a scheduling order shall not be modified except upon a showing of good cause. Fed. R. Civ. P. In this case, there is good cause.

2. In the Report of Parties' Planning Meeting, the parties had originally agreed that the Plaintiff would have until August 1, 2006 to amend the pleadings. When this Court entered its Scheduling Order changing the deadline for amending the pleadings to December 21, 2005, that specific date was overlooked and therefore not corrected on counsel's calendar.

3. Even though the deadline set by the Court has passed, the Defendant will not suffer any prejudice by allowing the amendment. Discovery is open until December 20, 2006. Thus, allowing the amendment will not affect any other deadlines.

4.  Additionally, no depositions have been taken. Therefore, there will not be any added expense to the Defendant nor will there be any unnecessary duplication of testimony.

5.  The Defendant has not argued that it will be prejudiced in any way by the allowance of the Plaintiff's amended complaint.

Wherefore, the Plaintiff respectfully requests this Honorable Court to find good cause and allow her leave to file her amended complaint.

/s/ Penny D. Hays
Penny D. Hays (ASB-6309-A63P)
Attorney for Plaintiff

**OF COUNSEL**:
ALABAMA INJURY LAWYERS, P.C.
401 Office Park Drive
Birmingham, Alabama 35223
(205) 870-9848

### CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Charles B. Paterson and Kelly F. Pate, BALCH & BINGHAM, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: not applicable.

Respectfully submitted,

s/Penny D. Hays
Penny D. Hays (ASB-6309-A63P)
401 Office Park Drive
Birmingham, AL 35223
Phone: (205) 870-9848
Fax: (205) 871-8882
E-mail: penny@lorantlaw.com