IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CARLA L. THREATT, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:05cv765-MHT |
| ) | (WO) |
| REGIONS BANK, ) | |
| ) | |
|    Defendant. ) | |

### ORDER

Plaintiff Carla L. Threatt brought this action against defendant Regions Bank asserting violations of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213.  On February 1, 2006, Threatt filed a motion for leave to file an amended complaint, and, on February 2, the court granted the motion with leave to Regions Bank to file an objection to the motion within seven days.  This case is now before the court on Regions Bank's timely filed objection to Threatt's motion for leave to amend.  For the reasons set forth below, the

objection will be overruled, but sanctions will be imposed against Threatt's counsel.

Threatt seeks to add a count alleging violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654, to her complaint. With its objection, Regions Bank opposes Threatt's motion on the ground that it was filed 42 days after December 21, 2005, the deadline for amended pleadings, as set by the uniform scheduling order. Threatt's counsel says that she failed to note that the court's scheduling order set an amended-pleadings deadline different from (and much earlier than) the deadline of August 1, 2005, which was agreed upon by the parties during their Rule 26(f) planning meeting held pursuant to Fed.R.Civ.P. 26(f). In fact, Threatt's motion to amend incorrectly states that it was filed within the time limits set by the scheduling order.

Threatt contends that Regions Bank will suffer no prejudice or delay if the court allows her to proceed with the amended complaint, because discovery remains

open until December 20, 2006, and no depositions have yet been taken in the case; therefore, permitting a new count to be included in the complaint will result in no extra expense or duplication of discovery, including testimony, for the parties.

Regions Bank argues that it has, in fact, been prejudiced by Threatt's failure to file in a timely manner, because it has already started to prepare a defense against the ADA claim, and would have to "start over" with the FMLA claim.  This argument is unconvincing: The expense necessary to research and prepare a defense against the FMLA claim is exactly the same now as it would have been had the claim been made from the beginning.  Regions Bank is "prejudiced" only in the sense that it has to do more work than it originally anticipated, not because its ability to defend itself has in any way been compromised by Threatt's tardiness.

More compelling is Regions Bank's assertion that the standard of "good cause" required under Rule 16(b) of the

Federal Rules of Civil Procedure for the modification of a scheduling order is not met by the mere absence of prejudice to the non-moving party, or by the fact that the failure to file in a timely manner was inadvertent.

Regions Bank cites <u>White v. Volvo Trucks of N. Am.</u>, 211 F.R.D. 668, 699 (M.D. Ala. 2002) (Albritton, J.), for the proposition that the "integrity of scheduling orders" is a paramount concern in this court.  In <u>White</u>, the court refused to allow the plaintiff to call an expert who was not identified within the deadlines set by the scheduling order.  However, the original deadline in that case, in keeping with the court's practice, had been set on a date requested by counsel for both parties, and then extended pursuant to a request from plaintiff's counsel, who then failed to meet the deadline anyway.  In <u>White</u> the violation was flagrant and clearly inexcusable.

By contrast, the deadline for amended pleadings in the instant case was set by the court on a date much earlier than the date which the parties agreed upon, and

it appears that Threatt's failure to meet it was mere oversight. While this certainly does not excuse Threatt's attorney's failure to note and comply with the court's deadline, it does distinguish the case from <u>White</u>, where the attorneys failed to comply with a deadline they themselves suggested and thus were fully aware of.

The ultimate decision to grant leave to amend is within the discretion of the trial court. In this case, Threatt's failure to amend her complaint is certainly the result of the attorney's scheduling error. A slavish adherence to the time lines of the scheduling order will serve to exalt the sanctity of the court's time line over the potentially meritorious claims of the Threatt. While there is case law holding that absence of prejudice is not "good cause" for amending the scheduling order, it cannot be ignored that extending the deadlines to permit the filing of Threatt's amended complaint in this case does not prejudice the Regions Bank in any way.

Because the court's ultimate concern is with justice--not solely with celebrating its own rules although that is a critical consideration--the facts of this case warrant an extension of the deadline to permit Threatt to file her amended complaint with the added FMLA count.  However, the integrity of the scheduling orders set by the court must be maintained.  The lack of diligence of Threatt's counsel gave rise to an arguably legitimate objection by Regions Bank, and Threatt's counsel should bear the cost incurred by Regions Bank in making its objection.

For the foregoing reasons, it is ORDERED as follows:

(1) Defendant Regions Bank's objection to plaintiff Carla L. Threatt's motion for leave to amend complaint (Doc. No. 16) is overruled;

(2) Plaintiff Threatt's counsel, not plaintiff Threatt herself, is taxed the reasonable attorney's fees and costs incurred by defendant Regions Bank in pursuing

its objection to plaintiff's motion for leave to file an amended complaint;

    (3) Defendant Regions Bank is to submit a statement of attorney's fees and costs to the court by March 3, 2006;

    (4) Plaintiff Threatt's counsel, if she disagrees with defendant Regions Bank's statement of fees and costs, may oppose said statement in writing by March 14, 2006.

    (5) If plaintiff Threatt withdraws her amended complaint, she need not pay defendant Regions Bank's attorney's fees and costs.

    DONE, this the 22nd day of February, 2006.

                                /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE